UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS ANDERSON,<br>　　　Petitioner,<br><br>　　v.<br><br>MALDONADO,<br>　　　Respondent. | :<br>:<br>:　　　　PRISONER<br>:　Case No. 3:11-cv-943 (JBA)<br>:<br>:<br>: |

ORDER

Petitioner currently is confined in at Northern Correctional Institution in Somers, Connecticut. He has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which is designed for use by a person in state custody challenging his state sentence. Petitioner, however, is challenging a federal sentence to be served upon completion of his state sentence.

Petitioner states that judgment entered in the federal criminal case on November 20, 2001. A review of the docket indicates, however, that petitioner entered a not guilty plea on that date. Petitioner subsequently changed his plea and judgment entered on October 2, 2003. Petitioner was sentenced to a term of imprisonment of twelve months to be served concurrent to the state sentence currently being served followed by three years supervised release. On July 24, 2008, petitioner pleaded guilty to a charge of violation of the terms of his supervised release

and, on August 4, 2008, judgment entered imposing a sentence of imprisonment for one year and one day to be served consecutive to the state sentence petitioner currently is serving. The court assumes that petitioner is now challenging this 2008 sentence. *See USA v. Anderson*, No. 3:01cr265(CFD).

The proper vehicle to challenge the imposition of a federal conviction and sentence is a motion filed pursuant to 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). The court cannot construe this petition as filed pursuant to section 2255. The Second Circuit has held that a district court may recharacterize a petition as a section 2255 motion only where it would be the second section 2255 motion filed by the petitioner. *See id.* at 148. A review of the criminal docket shows that petitioner has not filed a § 2255 motion.

Where a petitioner has not filed a motion to vacate, set aside or correct sentence pursuant to section 2255, the district court must permit the petitioner to either: (1) agree to the recharacterization of his petition as a § 2255 motion; or (2) withdraw the petition.[1] *See Adams v. United States*, 155 F.3d

---

[1] The court advises petitioner that section 2255 contains a one-year limitations period. Petitioner did not appeal his federal conviction and sentence. Thus, his federal criminal judgment became final on September 4, 2008, the date for filing a direct appeal expired. *See Moshier v. U.S.*, 402 F.3d 116, 118 (2d. Cir. 2005) (holding "that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). The limitations period expired on September 4, 2009.

582, 584 (2d Cir. 1998).

## Conclusion

On or before **August 30, 2011,** petitioner shall file a Notice in which he either: (1) agrees to the recharacterization of his petition as a § 2255 motion; or (2) withdraws the petition. Failure to respond to this order will result in the dismissal of this case.

**It is so ordered**.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: August 02, 2011.**

---

The petition is dated June 8, 2011. The court assumes that the petitioner handed his petition to prison officials for mailing to the court on that date. Thus, the court deems the petition for writ of habeas corpus to have been filed in this court on June 8, 2011. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). If petitioner agrees to have the petition recharacterized as a section 2255 motion, it will not have been timely filed unless petitioner can show that the limitations period should be equitably tolled.